**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number (*if known*): _____    Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Forever 21 Retail, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **68-0367150** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **3880 N. Mission Road** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **Los Angeles, California 90031** | |
| City                    State      Zip Code | City                    State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Los Angeles** | |
| County | Number          Street |
| | |
| | City                    State      Zip Code |

5. **Debtor's website** (URL)  **www.forever21.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    Forever 21 Retail, Inc.                                Case number (if known)
          _____                _____
          Name

**7.  Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4481 (Clothing Stores)**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____  When _____  Case number _____
                                            MM/DD/YYYY

          District _____  When _____  Case number _____
                                            MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   **See Rider 1**                    Relationship   **Affiliate**

          District   **District of Delaware**          When

                                                        **9/29/2019**
          Case number, if known _____  MM / DD / YYYY

| Debtor | Forever 21 Retail, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | Number | Street |
|---|---|---|
| | _____ | _____ |
| | City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1-49 | | ☐ 1,000-5,000 | | ☐ 25,001-50,000 | |
| ☐ 50-99 | | ☐ 5,001-10,000 | | ☐ 50,001-100,000 | |
| ☐ 100-199 | | ☐ 10,001-25,000 | | ☒ More than 100,000 | |
| ☐ 200-999 | | | | | |

**15. Estimated assets (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ $0-$50,000 | | ☐ $1,000,001-$10 million | | ☐ $500,000,001-$1 billion | |
| ☐ $50,001-$100,000 | | ☐ $10,000,001-$50 million | | ☒ $1,000,000,001-$10 billion | |
| ☐ $100,001-$500,000 | | ☐ $50,000,001-$100 million | | ☐ $10,000,000,001-$50 billion | |
| ☐ $500,001-$1 million | | ☐ $100,000,001-$500 million | | ☐ More than $50 billion | |

| Debtor | Forever 21 Retail, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --**  Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **9/29/2019**
              MM/ DD / YYYY

✗  /s/  *Brad Sell*                                **Brad Sell**
   Signature of authorized representative of debtor    Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

✗  /s/ *Laura Davis Jones*                    Date   **9/29/2019**
   Signature of attorney for debtor                  MM/ DD/YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street, 17ᵗʰ Floor, P.O. Box 8705**
Number          Street

**Wilmington**                          **Delaware**       **19899-8705**
City                                     State             ZIP Code

**(302) 652-4100**                       **ljones@pszjlaw.com**
Contact phone                            Email address

**2436**                                 **Delaware**
Bar number                               State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Debtor Forever 21, Inc.

| |
|---|
| Forever 21, Inc. |
| Alameda Holdings, LLC |
| Forever 21 International Holdings, Inc. |
| Forever 21 Logistics, LLC |
| Forever 21 Real Estate Holdings, LLC |
| Forever 21 Retail, Inc. |
| Innovative Brand Partners, LLC |
| Riley Rose, LLC |

Fill in this information to identify the case:

Debtor name: Forever 21, Inc.

United States Bankruptcy Court for the: _____ District of __Delaware__

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | KNF INTERNATIONAL CO., LTD 3F, 958-22, DAICHI-DONG, KANGNAM-GU SEOUL, SOUTH KOREA | Mr. Ma President PHONE: 821053191073 EMAIL: samma@knf-international.com | Trade Payable | | | | $13,420,525 |
| 2 | PRAXTON COMMERCIAL CORP. BLK 3 LOT 8 DONA ANDENG ST. BAYAN, LUMA, IMUS, CAVITE, 4103 PHILIPPINES | Meynardo M. Mendoza VP - Controllership PHONE: +63 (2) 804 - 0478 +63 (918) 985 - 8804 EMAIL: Meynard.M.Mendoza@sm-shoemart.com | Loan Agreement | | | | $13,165,681 |
| 3 | C&C NANTONG CATHAY CLOTHING CO LTD ROOM 1603, NO.33 GONGNONG ROAD NANTONG, 226100 CHINA | Andy Wang CEO PHONE: 8613906293660 EMAIL: andywang@cathayclothing.com | Trade Payable | | | | $12,887,946 |
| 4 | INTEC LTD 18FL., CENTERPOINT SEOCHO BD 304, HYORYEONG-RO SEOCHO-GU, 06720 SOUTH KOREA | SungSoo Kim Owner PHONE: 44-(0)742-592-3863 EMAIL: sskim@intecltd.com | Trade Payable | | | | $10,387,067 |
| 5 | CRS DENIM GARMENTS EGYPT S.A.E PORT SAID PUBLIC INVESRMENT FREE ZOONE EGYPT PORT SAID, EGYPT | Cemil Kolunsag Board Chairman PHONE: 902125502929 | Trade Payable | | | | $9,797,863 |
| 6 | SUZHOU TJ/NOVAE INT'L NO.463 PUBEI RD., LUXU TOWN SUZHOU, 215000 CHINA | Dunhua Zhen/Benchao Benjamin Zhen Owner PHONE: 909-595-6088 ext. 125 EMAIL: nancy@anfieldinc.com benjamin.z@anfieldinc.com | Trade Payable | | | | $8,685,357 |
| 7 | KUKDONG CORPORATION 7F, DONGBO BLDG., 405 CHOENHO-DAERO DONGDAEMUN-GU, SOUTH KOREA | SK Byun CEO PHONE: 821052617712 EMAIL: skbyun@kd.co.kr | Trade Payable | | | | $8,292,758 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | SIMON PROPERTY GROUP 225 WEST WASHINGTON STREET INDIANAPOLIS, IN  46204-3438 | Steven E. Fivel General Counsel PHONE: 317.263.7962 EMAIL: sfivel@simon.com | Rent | Unliquidated | | | $8,133,084 |
| 9 | KISOO K. TRADING CO., LTD # 4TH FL, JAEYOUNG BLDG 63 NONHYEON- RO 31 GIL, SEOCHO-GU,  135-080 SOUTH KOREA | SK Kim - CEO Michelle Park - CFO PHONE: 82-70-7098-8751 EMAIL: ykkim@kisoo1.co.kr michelle.p@kisoo1.co.kr | Trade Payable | | | | $7,859,731 |
| 10 | A & E CLOTHING INC 3200 WILSHIRE BLVD #1204 NT LOS ANGELES, CA  90010-1333 | Eunice Chung President PHONE: 12139256439 EMAIL: chung@aneclothing.com | Trade Payable | | | | $7,469,873 |
| 11 | LAFAYETTE ENGINEERING, INC 2405 LEBANON ROAD DANVILLE, KY  40422 | Bruce Robin Owner PHONE: 8595839540 EMAIL: bruce.robbins@lafayette-engineering.com | Trade Payable | | | | $7,043,530 |
| 12 | NANTONG Z&Z GARMENT CO., LTD NO.298 YINGYUAN ROAD, TONGZHOU ZONE, NANTONG CITY, CHINA | Michael Cao President PHONE: 8613776965308 EMAIL: Jing@zz-garment.com | Trade Payable | | | | $6,701,249 |
| 13 | LEUKON INC. 2F, 780-14 YEOKSAM-2DONG, GANGNAM-GU SEOUL, SOUTH KOREA | Mr. Ahn CEO PHONE: 821088881193 EMAIL: ksahn@leukon.co.kr | Trade Payable | | | | $6,455,752 |
| 14 | NANTONG D&J FASHION CO., LTD ROOM 1303-1304, NO. 33 BONGNONG ROD NANTONG, CHINA | David Wang Owner PHONE: 86-138-629-63062 EMAIL: david@djfashion.com.cn | Trade Payable | | | | $6,144,482 |
| 15 | BROOKFIELD PROPERTIES CHICAGO OFFICE 350 N ORLEANS ST., SUITE 300 CHICAGO, IL  60654 | Stacie L. Herron EVP & General Counsel PHONE: 312.960.5253; 312.560.8798 EMAIL: stacie.herron@brookfieldpropertiesretail.com | Rent | Unliquidated | | | $5,289,351 |
| 16 | BRISTAR (H.K.) INTERNATIONAL TRADIN ROOM NO. 19-1106, NO 1515 GUMEI ROAD XUHUI DISTRICT SHANGHAI, CHINA | John Yun General Manager PHONE: 86-153-0618-0919 EMAIL: john.hk@bristar-hk.com | Trade Payable | | | | $5,226,407 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | ANHUI MEI&BANG INTERNATIONAL TRADE NO.2 SHUANGSHUI RD. DAYANG LUYANG DISTRIC HEFEI, CHINA | Shine Sun Owner PHONE: 86-551-62260069 EMAIL: shinesun@mbmydear.com | Trade Payable | | | | $5,215,871 |
| 18 | IN KYUNG APPAREL 5F INKYUNG BLDG 37, JANGHAN-RO DONGDAEMUN-GU SEOUL,  02629 SOUTH KOREA | Mr. Oh CEO PHONE: 821033707488 EMAIL: ik0722@inkyungapparel.co.kr | Trade Payable | | | | $4,867,266 |
| 19 | DILONG FASHION INC. 1358,NANYUAN WEST RD,QIDONG CITY,JIANG SU PROVINCE QIDONG, CHINA | Manson Owner EMAIL: Manson@dilongfashion.com | Trade Payable | | | | $4,760,829 |
| 20 | YOUNG PLUS TRADING HK. CO., LTD RM 1111, NO.240 FUYOUCAIZHI GUANGZHOU CITY, CHINA | Amy Fu General Manager EMAIL: amypu@bonglimtrading.com | Trade Payable | | | | $4,079,608 |
| 21 | C&D GARMENTS CO., LIMITED ROOM 909 9/F TOWER 2 GRAND PLAZA 665 NATHAN ROAD MONG KOK, HONG KONG | David Wang Owner PHONE: 86-139-122-59203 EMAIL: jessica@canddgarments.com | Trade Payable | | | | $3,850,110 |
| 22 | TABITHA APPAREL CO.,LTD 2F, 126 HOANG HOA THAM, WARD 12, TAN BINH DISTRICT 6TH FLOOR HOCHIMINH CITY,  70099 VIETNAM | Christine Park Owner PHONE: 84-90-923-7157 82 10 5222 7157 EMAIL: christine@tbta.co.kr | Trade Payable | | | | $3,839,243 |
| 23 | FEDEX PO BOX 7221 PASADENA, CA  91109-7321 | Rick Maloney Ecommerce Director PHONE: 702-233-2428 EMAIL: rmaloney@fedex.com | Trade Payable | | | | $3,425,666 |
| 24 | MARJO APPAREL RM 501, HUN GI BLDG 548-4, SHIINSA-DONG, KANGNAM-KU SEOUL, SOUTH KOREA | Kay Chung Sam Park Owner PHONE: 82-10-6215-2891 EMAIL: chung@marjokor.com | Trade Payable | | | | $3,419,850 |
| 25 | CHINA STAGE/ZHEJIANG C STAGE IMPORT 2FL A9BLDG 9# JIUSHENG ROAD HZ. ZJ. HANGZHOU,  31001 CHINA | Larry Liu CEO PHONE: 8657186729619 EMAIL: larry@stagegroup.com | Trade Payable | | | | $3,216,213 |
| 26 | B-HEIM CORP. 1302 KOLON DIGITAL TOWER BILLANT II SEOUL, SOUTH KOREA | Mr. Kwak CEO PHONE: 821022141796 EMAIL: yckwak@bheim.co.kr | Trade Payable | | | | $3,215,177 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | NEW CENTURY TEXTILES LTD 3C NO 1238 WUZHONG ROAD SHANGHAI, CHINA | Mr. Lan - Owner Mr. Cater - Manager<br><br>PHONE: 86-159 0063 6446 EMAIL: Lan@newcenturytextiles.com; Cater@newcenturytextiles.com | Trade Payable | | | | $3,192,278 |
| 28 | GUANGZHOU YONGHENG FASHION GROUP CO XIAN SHUI LING ROAD, JINSHI AVE, SHI LING TOWN, HUADU DISTRI GUANGZHOU CITY, CHINA | Xu Yan Hua CEO<br><br>PHONE: 86-20-86910128 EMAIL: yh_group@yongheng-fg.com | Trade Payable | | | | $3,110,809 |
| 29 | DONGSUH INTERNATIONAL CO., LTD. 904, DAEJONG BLDG BLDG. 143-48, SAMSUNG-DONG, GANGNAM-GU SEOUL, SOUTH KOREA | JS Kim Cathy Chung Owner<br><br>PHONE: 82-2-567-6711 82-10-9163-9447 EMAIL: jskim@dong-suh.com; cchung@dong-suh.com | Trade Payable | | | | $3,062,415 |
| 30 | ROC RISE INDUSTRIAL RM 10, 6/F, LAURELS INDUSTRIAL CENTRE, 32 TAI YAU ST, SANPOK KOWLOON,  999077 HONG KONG | Ellen Wong Owner<br><br>PHONE: 85296438457 EMAIL: ellen@rocrise.com | Trade Payable | | | | $3,057,605 |
| 31 | RELIABLE INDUSTRIES LTD UNIT 1503-04 15/F SEAPOWER CENTER 73-77 LEI-MUK RD, HONG KONG | Daniel Cheng Owner<br><br>PHONE: 852 2619-0380 EMAIL: daniel@reliable-hkg.com | Trade Payable | | | | $3,047,485 |
| 32 | BONA INDUSTRIAL CO., LIMITED 11/F CAPITAL CENTRE 151 GLOUCESTER ROAD WANCHAI HONG KONG,  202100 HONG KONG | Kelly Jin General Manager<br><br>PHONE: 021-51695866 Ext.809 EMAIL: kelly@linsheng.sh.cn | Trade Payable | | | | $3,006,903 |
| 33 | WEIHAI DINGXIN TEXTILE CO., LTD. 79, SHICHANG RD., WEIHAI, SHANDONG SHANDONG, CHINA | Liu Dehai President<br><br>PHONE: 0086 631 5865679 EMAIL: weigonzhao@dingxintextile.com | Trade Payable | | | | $2,977,097 |
| 34 | REGENTEX APPAREL LIMITED RM#1501, NO. 252. TIANDA LANE, SOUTH BUSINESS DISCTRIC , LIN NINGBO,  31519 CHINA | Jiang Meifen Owner<br><br>PHONE: 0574-88129703 EMAIL: lydia@regentexapparel.com | Trade Payable | | | | $2,902,903 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 35 ANYCLO INT'L<br>6F, 336, HAKDONG-RO<br>GANGNAM-GU,  135-080<br>SOUTH KOREA | Hopkins<br>CEO<br><br>PHONE: 821045290006<br>EMAIL: hopkins@anyclo.com | Trade Payable | | | | $2,898,558 |
| 36 SAE-A TRADING CO.,LTD<br>SAE-A BLDG.946-12 DAECHI<br>DONG,KANGNAMGU<br>SEOUL,<br>SOUTH KOREA | MK Kim<br>Senior director<br><br>PHONE: 82262527400<br>EMAIL: mkkim@sae-a.com | Trade Payable | | | | $2,814,222 |
| 37 PALMY TIMES (HK) LIMITED<br>SUITES 1801-02, 18/F ALLIANCE<br>BUILDING, 130-136 CONNAUGHT RO<br>CENTRAL SHEUNG WAN,<br>HONG KONG | Sherman Ma<br>Managing Director<br><br>PHONE: 86-51268766862<br>EMAIL: sherman@palmytimes.com | Trade Payable | | | | $2,702,925 |
| 38 MACERICH<br>1162 PITTSFORD-VICTOR ROAD, SUITE 100<br>PITTSFORD, NY  14534 | Bill Palmer<br>AVP Asset Management<br><br>PHONE: 585.249.4421<br>EMAIL: Bill.palmer@macerich.com | Rent | Unliquidated | | | $2,697,020 |
| 39 SUPERFIT LTD<br>UNIT 1806, 18/F, PARK-IN COMMERCIAL<br>CENTRE 56 DUNDAS ST., MO<br>HONG KONG,  1111<br>HONG KONG | William Lee<br>Betty Chan<br>Owner<br><br>PHONE: 626-283-0939<br>EMAIL: wlee2233@yahoo.com.hk<br>bettywkchan@gmail.com | Trade Payable | | | | $2,656,828 |
| 40 WESTFIELD (URW)<br>BARCLAY DAMON<br>545 LONG WHARF DRIVE<br>NEW HAVEN, CT  06511 | Niclas A. Ferland<br>Partner<br><br>PHONE: (203) 672-2667; (203) 584-2331<br>FAX: (203) 654-3274<br>EMAIL: NFerland@barclaydamon.com | Rent | Unliquidated | | | $2,509,589 |
| 41 GUANGZHOU JIAYIWU FASHION CO., LTD<br>FLOOR 5 NO 11, THE 9TH INDUSTRY DAPU<br>XINXHI TOWN, BAIYUN DIS<br>GUANGZHOU,<br>CHINA | Mingpeng Xiong<br>Owner<br><br>PHONE: 86-020-36608178<br>EMAIL: Tony@gwports.com | Trade Payable | | | | $2,395,194 |
| 42 JIANGSU GTIG EASTAR CO., LTD<br>23-29 FLOOR,GUOTAI NEW CENTURY<br>PLAZA,125 RENMIN ROAD<br>ZHANGJIAGANG,<br>CHINA | Mark Zhao<br>CEO<br><br>PHONE: 8613806225883<br>EMAIL: Mark_Zhao@gtig-eastar.com | Trade Payable | | | | $2,364,309 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 43 | NINGBO LONG-LAN FASHION GARMENT INC 60-B DONG FENG ROAD EAST INDUSTRIAL OF FENGHUA MAOTOU VILLAGE, CHUNHU TOWN, FENGHUA NIN NINGBO, 315500 CHINA | Ada Ge Manager PHONE: 86-574-88408805 EMAIL: adage@longlanfs.com | Trade Payable | | | | $2,323,792 |
| 44 | SUZHOU FLYING FASHIONS CO. LTD NO283 TONGDA ROAD WUZHONG SUZHOU NO 100 EAST SHI HU ROAD SUZHOU, CHINA | Hui Jianxin (Jason) CEO PHONE: 86-512-65911949 EMAIL: jason@suzhouflying.com | Trade Payable | | | | $2,323,694 |
| 45 | TARAE CO., LTD 607 SUPER STAR TOWER 10, SUJEONG-GU, SOUTH KOREA | Mook CEO EMAIL: mookkim@tarae.co | Trade Payable | | | | $2,306,488 |
| 46 | VORNADO REALTY TRUST 888 SEVENTH AVENUE 44TH FLOOR NEW YORK, NY 10019 | David Greenbaum Vice Chairman PHONE: 212-894-7405 EMAIL: Dgreenbaum@vno.com | Rent | Unliquidated | | | $2,259,980 |
| 47 | AXXYS CONSTRUCTION GROUP, INC 4101 NICOLS ROAD SUITE 100 EAGAN, MN 55122 | Nate Sanders Retail Construction Director PHONE: 612.800.7878, ext. 501 FAX: 877.588.0989 EMAIL: nsanders@axxysconstruction.com | Trade Payable | | | | $2,247,994 |
| 48 | HUNCHUN SUNNY GROUP CO., LTD RM #608 HUANGGUAN PLAZA, YINGCHUN RD. HUNCHUN CITY, JINLIN P HUNCHUN CITY, 11111 CHINA | Lizhe Jun - President Annie - General Manager EMAIL: lizhejun@sunnyapparel.com.cn sunnyprice@sunnyapparel.com.cn | Trade Payable | | | | $2,190,628 |
| 49 | SAMWOO APPAREL GAJWA-DONG, B/ 2ND FLORR/ 36, BAEKBEOM-RO 630 BEON-GIL, SEO-INCHEON, SOUTH KOREA | Mr. Park CEO PHONE: 82269255560 EMAIL: chanpark@samwoo.in | Trade Payable | | | | $2,177,085 |
| 50 | L&C CORPORATION, INC. 4F DAESHIN B/D, 20, DOSANDAE-RO 49GIL, GANGNAM-GU SEOUL, 06019 SOUTH KOREA | David President PHONE: 12133925730 EMAIL: david@sidusgroupinc.com | Trade Payable | | | | $2,058,595 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21 RETAIL, INC., | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Forever 21, Inc. | 3880 N. Mission Road, Los Angeles, California 90031 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the commencement of these cases.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FOREVER 21 RETAIL, INC., | Case No. 19-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Forever 21, Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21 RETAIL, INC., | ) | Case No. 19-_____(___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**CERTIFICATION OF CREDITOR MATRIX**

  Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors.  To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

  The information contained herein is based upon a review of the Debtors' books and records as of the petition date.  However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed.  Therefore, the listing does not, and should not, be deemed to constitute:  (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928).  The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Forever 21 Retail, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration: List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| 9/29/2019 | ☒ /s/ *Brad Sell* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Brad Sell** |
| | Printed name |
| | **Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS ACTION BY UNANIMOUS WRITTEN CONSENT**
**OF THE BOARDS OF**
**FOREVER 21, INC.,**
**FOREVER 21 RETAIL, INC.,**
**FOREVER 21 INTERNATIONAL HOLDINGS, INC.,**
**ALAMEDA HOLDINGS, LLC,**
**FOREVER 21 LOGISTICS, LLC,**
**FOREVER 21 REAL ESTATE HOLDINGS, LLC,**
**RILEY ROSE, LLC,**
**INNOVATIVE BRAND PARTNERS, LLC,**

**IN LIEU OF MEETINGS**

**September 29, 2019**

The undersigned, being all of the members of the board of directors or the board of managers, as applicable (each a "**Board**", and collectively, the "**Boards**") of FOREVER 21, INC., a Delaware corporation (the "**Corporation**,") and each of its subsidiaries listed on **Exhibit A** hereto (together with the Corporation, the "**Managed Entities**" and each, a "**Managed Entity**"), by their signatures below or on a counterpart hereof, in lieu of holding a meeting of the Board, hereby take the following actions and adopt the following resolutions by unanimous written consent, pursuant to the bylaws or limited liability company agreement, as applicable (each, an "**Operating Agreement**"), of each Managed Entity and the applicable laws of the jurisdiction in which such Managed Entity is organized:

I.    Appointment of Chief Restructuring Officer

WHEREAS, each Operating Agreement of each Managed Entity, sets forth that each Board may appoint subordinate officers and agents as it shall deem necessary, who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by such Board, without amendment to the Operating Agreement being required;

WHEREAS, each Board deems it to be in the best interests of each applicable Managed Entity to appoint a Chief Restructuring Officer to assist the Corporation and the Managed Entities in their review, evaluation, and analysis of one or more strategic and/or financing transactions (the "**Proposed Transaction**"); and

WHEREAS, each Board deems it to be in the best interests of the Corporation and each Managed Entity to appoint Jonathan Goulding as its Chief Restructuring Officer.

NOW THEREFORE BE IT RESOLVED, that Jonathan Goulding, be, and hereby is, appointed to serve as the Chief Restructuring Officer of the Corporation and the Managed Entities for such a term, and shall exercise such powers and perform such duties, as shall be determined by the Boards, and in accordance with the terms and conditions of that certain engagement letter, dated as of September 29, 2019, by and among the Corporation and Alvarez & Marsal North America, LLC ("**A&M**").

II.    Appointment of Interim Chief Operating Officer

WHEREAS, each Operating Agreement of each Managed Entity, sets forth that each Board may appoint subordinate officers and agents as it shall deem necessary, who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by such Board, without amendment to the Operating Agreement being required;

WHEREAS, each Board deems it to be in the best interests of each applicable Managed Entity to appoint an interim Chief Operating Officer to assist the Corporation and the Managed Entities in their review, evaluation, and analysis of one or more Proposed Transactions;

WHEREAS, each Board deems it to be in the best interests of the Corporation and each Managed Entity to appoint Matthew Katz as the interim Chief Operating Officer.

NOW THEREFORE BE IT RESOLVED, that Matthew Katz, be, and hereby is, appointed to serve as the interim Chief Operating Officer of the Corporation and the Managed Entities for such a term, and shall exercise such powers and perform such duties, as shall be determined by the Boards, and in accordance with the terms and conditions of that certain engagement letter, dated as of September 29, 2019, by and among the Corporation and SSA & Company ("**SSA**").

III.    Chapter 11 Filing

WHEREAS, each Board has considered presentations by the financial and legal advisors of each of the Managed Entities regarding the liabilities and liquidity situation of each of the Managed Entities, the strategic alternatives available to it, and the effect of the foregoing on each Managed Entity's business;

WHEREAS, each Board has had the opportunity to consult with the financial and legal advisors of the Managed Entities and fully consider each of the strategic alternatives available to the Managed Entities; and

WHEREAS, each Board has had the opportunity to consult with the financial and legal advisors of the Managed Entities and review the chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") preparation materials provided by the financial and legal advisors, and each Board recommends the adoption of these resolutions.

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of each Board, it is desirable and in the best interests of each Managed Entity (including a consideration of its creditors and other parties in interest) that each Managed Entity shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each a "**Chapter 11 Case**" and collectively the "**Chapter 11 Cases**") under the provisions of Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

FURTHER RESOLVED, that the Chief Executive Officer, Executive Vice President, Chief Financial Officer, Treasurer, Chief Strategy Officer, Chief Restructuring Officer, the General Counsel, any Vice President or any Assistant Vice President, any Chief Operating Officer, Chief Strategy Officer, Secretary or Assistant Secretary, any Manager, any Director, or any other

duly appointed officer or other person acting at the direction of the foregoing officers of each Managed Entity (collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Managed Entity all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary, proper or convenient to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Managed Entity's business.

IV.    Retention of Professionals

WHEREAS, each Board has considered presentations by the financial and legal advisors of each Managed Entity regarding the retention of such financial and legal advisors by each Managed Entity.

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP ("**Kirkland US**") and Kirkland & Ellis International LLP (together with Kirkland US, "**Kirkland**") as general bankruptcy counsel to represent and assist each Managed Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Managed Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP ("**Pachulski**") as local bankruptcy counsel to represent and assist each Managed Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Managed Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of Pachulski;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm A&M, as restructuring advisor, and to take any and all actions to advance each of each Managed Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of A&M;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm Lazard & Co., as financial advisor and investment banker to represent and assist each Managed Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Managed Entity's rights and

obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of Lazard;

FURTHER RESOLVED, that that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm SSA to provide management services to represent and assist each Managed Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Managed Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of SSA;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of Prime Clerk LLC ("**Prime Clerk**") as notice and claims agent to represent and assist each Managed Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Managed Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ any other professionals to assist each Managed Entity in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper or convenient; and

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Managed Entity's Chapter 11 Case, with a view to the successful prosecution of such case.

V.    Cash Collateral, Debtor in Possession Financing, and Adequate Protection

WHEREAS, each Managed Entity is party to that certain Credit Agreement (the "**Prepetition ABL Credit Agreement**"), dated as of March 7, 2017, providing access to a credit facility with the lenders party thereto and JPMorgan Chase Bank, N.A., as administrative agent (the "**Prepetition ABL Agent**"), pursuant to which the lenders party thereto have made certain loans and financial accommodations available to the Managed Entities (as may be amended from time to time, the "**Prepetition ABL Facility**");

WHEREAS, reference is made to that certain debtor-in-possession credit agreement providing for a senior secured super-priority revolving credit facility of up to $275,000,000 in the aggregate (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplement or otherwise modified from time to time, the "**DIP ABL Credit Agreement**") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession revolving credit financing to be provided to the Managed Entities by the lenders listed therein and party thereto from time to time (the "**DIP ABL Lenders**") and JPMorgan Chase Bank, N.A. to serve as administrative agent thereto (the "**DIP ABL Agent**");

WHEREAS, reference is made to that certain debtor-in-possession credit agreement providing for a senior secured super-priority term loan credit facility of an aggregate principal amount of up to $75,000,000 (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplement or otherwise modified from time to time, the "**DIP TL Credit Agreement**" and together with the DIP ABL Credit Agreement, the "**DIP Credit Agreements**") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession term loan credit financing to be provided to the Managed Entities by the lenders listed therein and party thereto from time to time (the "**DIP TL Lenders**" and together with the DIP ABL Lenders, the "**DIP Lenders**") and TPG Sixth Street Partners, LLC to serve as administrative agent thereto (the "**DIP TL Agent**"); and

WHEREAS, each Managed Entity will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for certain prepetition secured lenders (collectively, the "**Prepetition Secured Lenders**") under the Prepetition ABL Facility, and (b) the incurrence of debtor-in-possession financing obligations pursuant to the DIP Credit Agreements (collectively, the "**DIP Financing**").

NOW, THEREFORE, BE IT RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Managed Entity will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders and to the DIP Lenders to secure the obligations of the Managed Entities under the DIP Credit Agreements (the "**DIP Obligations**") as documented in a proposed order in interim and final form (the "**DIP Orders**") and submitted for approval to the Bankruptcy Court and related loan documents;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Orders to which each Managed Entity is or will be subject, and the actions and transactions contemplated thereby are hereby authorized, adopted, and approved, and each of the Authorized Signatories of each Managed Entity be, and hereby is, authorized and empowered, in the name of and on behalf of each Managed Entity, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each DIP Order and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents relating to the transactions contemplated thereby to which each Managed Entity is or will be a party, including, but not limited to, any security agreements, pledge agreements, guaranty agreement, assignment documents, notices, financing statements, mortgages, intellectual property filings, tax affidavits, fee letters and other instruments as any of the DIP Agents or requisite DIP Lenders may reasonably request or as may be necessary or appropriate to create, preserve and

perfect the liens of the DIP Agents or the Prepetition ABL Agent, purported or required pursuant to any of the transaction documents to be created in the Collateral (as defined in each DIP Credit Agreement and the Prepetition ABL Credit Agreement), such agreements with third parties (including, without limitation, bank agency agreements, lockbox agreements, control agreements, landlord agreements and warehouse letters) relating to the Collateral, any swap contracts or hedging agreements and such other loan documents, guarantees, instruments, certificates and documents as may be reasonably requested by any of the DIP Agents, the requisite DIP Lenders or required by the DIP Orders, DIP Credit Agreements or any of the foregoing (collectively with the DIP Orders, the "**DIP Documents**"), with such changes, additions, and modifications thereto as any Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof;

FURTHER RESOLVED, that the incurrence of the liabilities and obligations arising from each DIP Order and each DIP Document by each Managed Entity party thereto, (i) is necessary and convenient to the conduct, promotion and attainment of the business of the Managed Entity, and (ii) may reasonably be expected to benefit the Managed Entities, directly or indirectly;

FURTHER RESOLVED, that each Managed Entity, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the DIP Obligations, including the borrowing of the loans under the DIP Credit Agreements, and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents, including granting liens on and security interests in its assets, including the Collateral, to the DIP Agents or the Prepetition ABL Agent to secure such obligations (collectively, the "**DIP Transactions**");

FURTHER RESOLVED, that each of the Authorized Signatories of each Managed Entity, acting alone or with one or more other Authorized Signatories, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, each Managed Entity, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to execute the DIP Transactions, including the negotiation, execution and delivery of: (a) the DIP Documents; (b) such other instruments, certificates, notices, assignments, and other documents, including, without limitation, any amendments to any DIP Documents, as may be reasonably requested by the DIP Agents; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents, in the name of and on behalf of each Managed Entity, with such changes therein as shall be approve by the Authorized Signatories executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from any form presented to the Boards;

FURTHER RESOLVED, that each of the Authorized Signatories of each Managed Entity, acting alone or with one or more other Authorized Signatories, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, each Managed Entity, as debtors and debtors in possession, to guarantee the DIP Obligations under the DIP Documents and to assign, transfer, pledge and grant to each DIP Agent or the Prepetition ABL Agent, for the ratable benefit of the respective or applicable Secured Parties (as defined in each DIP Credit Agreement (or similar term defined therein) and Prepetition ABL Credit Agreement), a security interest in all or substantially all the assets of such Managed Entity, as collateral security for the prompt and

complete payment and performance when due of the DIP Obligations under the DIP Credit Agreements, the DIP Orders, and the other DIP Documents to which such Managed Entity is a party or which it is subject to and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause the Managed Entities to create, perfect and maintain a security interest in the Managed Entities' property or assets constituting Collateral as described or contemplated in the DIP Documents;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Corporation and each other Managed Entity with respect to the transactions contemplated by these resolutions as the sole shareholder, partner, general partner, sole member, member, manager or managing member of each subsidiary of the Corporation or other Managed Entity, respectively, whether existing now or in the future, in each case, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment, including without limitation, the authorization of resolutions and agreements necessary to authorize the execution, delivery and performance pursuant to the DIP Documents (including, without limitation, certificates, affidavits, financing statements, notices, reaffirmations and amendments and restatements thereof or relating thereto) as may be necessary, appropriate or convenient to effectuate the purposes of the transactions contemplated therein;

FURTHER RESOLVED, that each of the Authorized Signatories of each Managed Entity be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Managed Entity to file, or to authorize the DIP Agents to file, any Uniform Commercial Code (the "**UCC**") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name each Managed Entity that the DIP Agents or the Prepetition ABL Agent deem necessary or appropriate to perfect any lien or security interest granted under the DIP Orders and the DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Managed Entity and such other filings in respect of intellectual and other property of each Managed Entity, in each case as the DIP Agents or the Prepetition ABL Agent may reasonably request to perfect the security interests of the DIP Agents or the Prepetition ABL Agent under the DIP Orders or any of the other DIP Documents;

FURTHER RESOLVED, that the pledge by the Managed Entities, of the Pledged Collateral (as defined in the DIP Credit Agreements or related security or pledge agreements (or similar term defined therein)) held by it, the transfer of such Pledged Collateral to the DIP Agents and any transfer from to time by the DIP Agents to any other person pursuant to the exercise of any rights under any collateral document and all steps required of any subsidiaries of the Managed Entities to give effect to such pledge and transfers, including the issuance of certificates of ownership and the entering of the names of any transferees onto such subsidiaries' equity holder registers, are hereby approved; and that each of the Authorized Signatories of each of the Managed Entities is hereby authorized, empowered and directed on behalf of such applicable Managed Entity, to execute and deliver any such other transfer documents or instruments;

FURTHER RESOLVED, that each of the Authorized Signatories of each Managed Entity be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Managed Entity to take all such further actions, including, without limitation, to pay all fees and expenses payable in accordance with the terms of the DIP Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of each of the Managed Entities, which shall in their sole judgment be necessary, proper or advisable in order to perform such Managed Entities' obligations under of in connection with any of the DIP Documents and the transactions contemplated therein (execution by such Authorized Signatory to constitute conclusive evidence of such judgment), and to carry out fully the intent of the foregoing resolution.  The performance of any such further act or thing and the execution of any such document or instrument by any of the Authorized Signatories of the Managed Entities pursuant to these resolutions shall be conclusive evidence that the same have been authorized and approved by the Managed Entities in every respect; and

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized to execute and deliver to the DIP Agents or the Prepetition ABL Agent, as applicable, and to perform the applicable Managed Entity's obligations under, all other documents, certificates, instruments, agreements and writings including any interest rate swaps, caps, collars or similar hedging agreement and any financing statements (or amendments thereto) that may be contemplated by, or required in connection with, the DIP Documents, these resolutions and the transactions described herein and therein, and to do all such acts and things as any person hereinafter authorized to execute such documents on behalf of the Managed Entity determines to be necessary or advisable in connection with or as contemplated by, or for the purpose of giving effect to, or carrying out the provisions of, the DIP Documents, such determination to be conclusively evidenced by such person's signature thereon or completion thereof, as applicable.

VI.   General Resolutions

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Signatories of each of the Managed Entities be, and each of them hereby is, authorized, empowered and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, and certificates and to take such other actions as may be necessary, proper or appropriate in order to carry out the intent and purposes of the foregoing resolutions;

FURTHER RESOLVED, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of the Corporation or other Managed Entity the Corporation by any officer, director or other Authorized Signatory of the Corporation or such Managed Entity in connection with or related to the matters set forth or contemplated by the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects as fully as if such actions had been presented to the Boards for approval prior to such actions being taken; and

FURTHER RESOLVED, that an Authorized Signatory of the Managed Entities is hereby authorized to certify to third parties with respect to adoption of these resolutions in the form and substance satisfactory to them.

The undersigned agree that this Omnibus Action by Unanimous Written Consent shall be added to the corporate records of each Managed Entity and made a part thereof, and the undersigned further agree that the resolutions set forth hereinabove shall have the same force and effect as if adopted at a meeting duly noticed and held called and constituted, pursuant to each Managed Entity's Operating Agreement and the applicable laws of the jurisdiction in which such Managed Entity is organized.  Facsimile, scanned, or electronic signatures shall be acceptable as originals.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

*  *  *  *  *

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Do Won Chang


_____
Linda Inhee Chang


_____
Alex Changho Ok


_____
Russell Belinsky


_____
Lisa Gavales


_____
Lawrence H. Meyer

Being all the directors of:
--Forever 21, Inc.


[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Do Won Chang

_____
Linda Imhee Chang

_____
Alex Changho Ok

_____
Russell Belinsky

_____
Lisa Gavales

_____
Lawrence H. Meyer

Being all the directors of:
--Forever 21, Inc.

[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Do Won Chang


_____
Linda Inhee Chang

_____
Alex Changho Ok


_____
Russell Belinsky


_____
Lisa Gavales


_____
Lawrence H. Meyer

Being all the directors of:
--Forever 21, Inc.


[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Do Won Chang


_____
Linda Inhee Chang


_____
Alex Changho Ok


_____
Russell Belinsky


_____
Lisa Gavales


_____
Lawrence H. Meyer


Being all the directors of:
--Forever 21, Inc.


[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Do Won Chang


_____
Linda Inhee Chang


_____
Alex Changho Ok


_____
Russell Belinsky


_____
Lisa Gavales


_____
Lawrence H. Meyer

Being all the directors of:
--Forever 21, Inc.


[Signature Page to Omnibus Resolutions]

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
Do Won Chang


_____
Linda Inhee Chang


_____
Alex Changho Ok


_____
Russell Belinsky


_____
Lisa Gavales


_____
Lawrence H. Meyer


Being all the directors of:
--Forever 21, Inc.


[Signature Page to Omnibus Resolutions]

## Exhibit A

## Managed Entities

Alameda Holdings, LLC
Forever 21 International Holdings, Inc.
Forever 21 Logistics, LLC
Forever 21 Real Estate Holdings, LLC
Forever 21 Retail, Inc.
Innovative Brand Partners, LLC
Riley Rose, LLC